IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BYRON KEITH HARMON | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv41 |
| JANICE HANSON, ET AL. | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Byron Keith Harmon, an inmate formerly at the Lewis Unit, proceeding *pro se*, brought the above-styled lawsuit against Janice Hanson, Charlotte Mattox, Brandy Armstrong, and Kent Dickerson.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(g) and, alternatively, for failure to exhaust administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. Plaintiff complains the defendants conspired to confiscate his wheelchair as unnecessary after he was observed standing in his cell. Plaintiff claims he has a degenerative joint disease which will be affected without his wheelchair. However, the factual allegations set forth in plaintiff's complaint

fail to rise to the level of demonstrating he was in "imminent danger of serious physical injury" at the time he filed the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Further, plaintiff does not contest the fact that he has had at least three prior actions or appeals dismissed as frivolous or for failing to state a claim upon which relief may be granted. Accordingly, plaintiff is barred from proceeding on an *in forma pauperis* basis. *Id.*

Alternatively, plaintiff has made clear he failed to exhaust the available administrative grievance process prior to filing his complaint. Plaintiff signed and dated his complaint on February 19, 2019, complaining of an incident which occurred on February 13, 2019. Plaintiff explained in an attachment to his complaint that the urgent filing of this lawsuit and motion for temporary restraining order and preliminary injunction "while the exhaustion of state remedies is in process" is due to the nature of his condition. Additionally, on April 18, 2019, plaintiff filed a "Motion for [Admission] of Evidence" (docket entry no. 9) in which he requested to proceed without first exhausting his administrative grievances. Plaintiff attached to his motion a copy of his Step One grievance which was not reviewed until March 27, 2019. Finally, on May 3, 2019, plaintiff filed his Notice of Step Two Grievance to which he attached a copy of his Step Two grievance form showing that the review by prison officials was not completed until April 11, 2019.

Plaintiff states in his objections that he "explained thoroughly in both [his lawsuit and motion for injunctive relief] the need to pursue with the filing of such (PLRA CIVIL ACTION) while the exhaustion of state remedies are currently under process." Plaintiff's Motion for Reconsideration at *1. However, the Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending. *See Gonzalez v. Seal*, 702 F.3d 785,

788 (5th Cir. 2012).  Accordingly, plaintiff's complaint should be dismissed without prejudice for failing to exhaust administrative remedies prior to filing this lawsuit.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
**Sep 30, 2019**

_____
Ron Clark, Senior District Judge